UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK P. RILEY,

    Plaintiff,

v.                                          Case No.:  2:23-cv-981-JLB-KCD

CARMINE MARCENO, in his
official capacity as Sheriff of Lee
County, Florida, CARMINE
MARCENO, individually,
CHARLES CUSTODIO, NIKO
THOMAS IRIZARRY, SCOTT
JOSEPH SNIDER, II and LEE
COUNTY, FLORIDA,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Before the Court is Lee County's Motion to Dismiss (Doc. 57), and Plaintiff Mark Riley's response in opposition (Doc. 64).[1] For the reasons below, Lee County's motion should be granted in part and denied in part.

## I. Background

As remarked by the state court judge overseeing the criminal case against Defendant Charles Custodio, the facts here are "just absolutely unbelievable." (Doc. 30 ¶ 183.) After Plaintiff Mark Riley reported Custodio for

---

[1] Unless otherwise indicated, all internal quotation marks, citations, history, and alterations have been omitted in this and later citations.

insurance fraud, he threatened to "ruin [Riley's] life and spend every minute and every dime he had to accomplish this goal." (*Id.* ¶ 28.) Custodio's scheming led to a sting operation where Riley was arrested for narcotics trafficking. It later emerged that Custodio planted the drugs with help from several co-conspirators, including Lee County Sheriff's Deputy Niko Irizarry.

After the criminal charges were dropped, Riley filed this civil rights suit. (*See* Doc. 30.) He brings a host of federal and state-law claims against Custodio and his co-conspirators. He also seeks relief against Sheriff Carmine Marceno and Lee County. As to these municipal defendants, Riley claims they shoulder responsibility for the unconstitutional and tortious conduct of their employee, Deputy Irizarry.

Lee County now moves to dismiss the complaint on grounds it is an improper defendant. (Doc. 64.) As for Riley's state-law claims, Lee County argues there can be no vicarious liability because "[n]one of the individuals listed in the Amended Complaint are [its] employees." (*Id.* at 4.) And as for the federal claims brought under 42 U.S.C. § 1983, Sheriff Marceno "is responsible for the actions or omissions of any deputies or employees taken under color of law." (*Id.*)

## II. Legal Standard

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

2

pleading standard "does not require detailed factual allegations," but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss, courts must accept all factual allegations contained in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 664. And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

### III. Discussion

#### A. Federal Claims

The operative complaint alleges three claims against Lee County under 42 U.S.C. § 1983—Counts II, III, and IV. They all stem from the conduct of Deputy Irizarry and Sheriff Marceno. This is a problem, according to Lee County, because it has no "authority [or] responsibility over the law enforcement functions of the sheriff in the context of a § 1983 claim." (Doc. 57

3

at 11.) "Thus, [Riley] cannot possibly establish . . . [§ 1983] liability against Lee County." (*Id.* at 13.)

Section 1983 creates a cause of action against any "person" who deprives someone of their federally protected rights under color of state law. The Supreme Court has held that municipalities are "persons" under § 1983 but "cannot be held liable . . . on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, local governments can only be held liable under § 1983 when they execute a "policy or custom" that "inflicts the injury." *Id.* at 694. Municipal liability under *Monell* may be based on "(1) an express policy; (2) a widespread practice so permanent and well-settled that it constitutes a custom; or (3) an act or decision of an officer with final policy-making authority." *Boudreaux v. McArtor*, 681 F. App'x 800, 804 (11th Cir. 2017).

Lee County's argument raises a straightforward question—who bears municipal liability for the unconstitutional conduct of a Florida sheriff's deputy? The answer is far from simple. Florida law suggests the buck stops with the elected sheriff. He is, after all, "an independent constitutional officer" and maintains absolute authority over his deputies. *Demings v. Orange Cnty. Citizens Rev. Bd.*, 15 So. 3d 604, 610 (Fla. Dist. Ct. App. 2009). Yet under Eleventh Circuit precedent, "the sheriff and his office are officials of the county." *Sanguinetti v. Collier Cnty.*, No. 2:21-CV-529-JLB-KCD, 2022 WL

4

4305995, at *5 (M.D. Fla. Sept. 19, 2022) (citing *Lucas v. O'Loughlin*, 831 F.2d 232, 235 (11th Cir. 1987)). Adhering to *Lucas*, the county is responsible and is the proper party to a § 1983 suit.

Despite the obvious tension created by holding a municipality liable for actions it has no authority to control, the Eleventh Circuit has spoken. That ends the matter and dictates the result. The County's motion to dismiss Counts I-IV should be denied because when "the defendant in a § 1983 civil rights action is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, [Lee] County." *Adcock v. Baca*, 157 F. App'x 118, 119 (11th Cir. 2005).

Lee County cites several cases where district courts have held that "a county cannot be held legally responsible for the law enforcement function of the Sheriff." *Curry v. Jenkins*, No. 8:22-CV-2071-TPB-UAM, 2023 WL 5956979, at *2 n.2 (M.D. Fla. Sept. 13, 2023). As persuasive as these authorities may be, the Eleventh Circuit has said otherwise in a published decision. *Lucas*, 831 F.2d at 235 (finding the district court "erred in dismissing the county as a defendant" in § 1983 suit because the sheriff's conduct was effectively that of the county). This Court must follow suit even if convinced otherwise. *See UPPI, LLC v. Jubilant Draximage Inc.*, No. CV 1:19-00518-KD-N, 2020 WL 6220818, at *11 (S.D. Ala. Sept. 18, 2020) ("Under the Eleventh Circuit's prior panel precedent rule, binding panel precedent cannot be

disregarded . . . even if a court is convinced the prior case was wrongly decided[.]").

"In summary, although the law concerning municipal liability is not crystal clear, *Lucas* is still the controlling [case] addressing the dismissal of a county defendant in a claim brought against a sheriff and a county pursuant to § 1983. Under *Lucas*, the sheriff and his office are officials of the county." *Sanguinetti*, 2022 WL 4305995, at *5.

One last issue to tidy up concerning Riley's § 1983 claims. Sheriff Marceno has filed a motion to dismiss that advances arguments directed at each individual claim. (Doc. 44.) Lee County does not present those same arguments but instead seeks to "adopt" Sheriff Marceno's brief by reference. (Doc. 57 at 16.) Incorporation by reference is not allowed. *See* Local Rule 3.01(f); *Gov't Emps. Ins. Co. v. Path Med.*, No. 8:17-CV-2848-T-17TGW, 2018 WL 11487963, at *2 (M.D. Fla. Mar. 2, 2018). If Lee County wanted to challenge Riley's § 1983 claims beyond asserting institutional immunity, it needed to present such arguments and provide legal authority in support.

**B. State Law Claims**

Riley's state-law claims fall into two buckets. In the first, he seeks to hold Lee County vicariously liable for the conduct of Sheriff Marceno and Deputy

Irizarry.[2] (Doc. 30, Counts I, V & X.)[3] The second group is claims where Riley alleges direct liability against Lee County for its own conduct—specifically, negligent hiring, retention, training, and supervision. (*Id.* Counts VI, VII, VIII & IX.)[4]

Riley's vicarious liability claims fail as a matter of law. To establish "vicarious liability through the doctrine of respondeat superior, or through common law agency principles, the plaintiff must show . . . control by the principal over the actions of the agent." *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1243 (S.D. Fla. 2013). "It is a fundamental rule that the respondeat superior doctrine applies only when the alleged master has the ability and authority to direct and control the pertinent acts of the employee." *Vasquez v. United Enters. of Sw. Fla., Inc.*, 811 So. 2d 759, 760 (Fla. Dist. Ct.

---

[2] Riley has identified no other county employees or agents who participated in these events besides Sheriff Marceno and his deputies. (*See* Doc. 30.)

[3] The complaint is not entirely clear as to whether Riley's conspiracy claim (Count I) proceeds under state or federal law. (Doc. 30 ¶ 204 (noting Riley suffered "violations of his . . . constitutional rights"). But later briefing from Riley clarifies he is relying on "Florida law." (Doc. 55 at 11.)

[4] These are direct liability torts under Florida law. *See Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1263 (S.D. Fla. 2015) ("[A] negligent supervision claim is not premised on vicarious liability; rather, the action triggering liability for negligent supervision is the employer's own decision to retain a dangerous employee. The liability is direct, not vicarious."); *see also Alexander v. Sheriff of Indian River Cnty., Fla.*, 724 F. App'x 744, 748 (11th Cir. 2018); *S.D. v. City of Cape Coral*, No. 217CV111FTM99MRM, 2017 WL 4342363, at *2 (M.D. Fla. Sept. 29, 2017).

App. 2002). "Absent control, there is no vicarious liability for the act of another, even for an employee." *Id.*

Lee County does not have a relationship with Deputy Irizarry (or any of Sheriff Marceno's employees) that could trigger vicarious liability. (*See* Doc. 57 at 5-7.) "As an official of a political subdivision, a sheriff is subject to [liability] for the negligence or wrongful act[s] . . . of his deputies or employees under circumstances in which a private person would be liable." *Beard v. Hambrick*, 396 So. 2d 708, 712 (Fla. 1981). As codified by the Florida legislature, "[s]heriffs may appoint deputies to act under them who shall have the same power as the sheriff appointing them, and for the neglect and default of whom in the execution of their office *the sheriff shall be responsible*." Fla. Stat. § 30.07 (emphasis added). Put simply, Deputy Irizarry's conduct is legally attributable to Sheriff Marceno, not Lee County.

Lee County is not liable for Sheriff Marceno's actions either. This is because Lee County has no control over Sheriff Marceno's law enforcement functions, which is where the alleged misconduct occurred here. "As an independent constitutional officer, [Sheriff Marceno] does not derive his authority from the County's charter or the board of county commissioners, and is neither generally accountable to the Board for his conduct in office nor subject to the board's direction in the fulfillment of his duties." *Demings v. Orange Cnty. Citizens Rev. Bd.*, 15 So. 3d 604, 610 (Fla. Dist. Ct. App. 2009).

"In the event of misconduct or misfeasance by [Sheriff Marceno], it is Florida's governor who is authorized to suspend [him] from office—and not the County[.]" *Id.* "And, ultimately, [Sheriff Marcno] is independently accountable to the electorate of [Lee] County." *Id.*

Riley stresses that Sheriff Marceno is a "county officer" and an "integral part of the county." (Doc. 64 at 11.) But Sheriff Marceno's standing as a county officer does not establish that Lee County directs his law enforcement decisions. And that is what matters. Considering the legal framework under which Sheriff Marceno operates (Doc. 57 at 5-6), it would flout Florida law to hold Lee County responsible for what occurred here. *See McKee v. Crestline Hotels & Resorts, LLC*, 376 So. 3d 758, 763 (Fla. Dist. Ct. App. 2024) ("[I]t is the right of control, not actual control or descriptive labels employed by the parties, that determines an agency relationship."); *see also Troupe v. Sarasota Cnty., Fla.*, No. 8:02-CV-53 T24MAP, 2004 WL 5572030, at *13 (M.D. Fla. Jan. 22, 2004) ("Sarasota County is not responsible for the law enforcement function of [its sheriff.]").

Although not addressed in the briefing, Riley also levies allegations of ratification. (*See* Doc. 30 ¶ 328 ("Lee County and Marceno ratified Irizarry['s] conduct and participated in a cover up[.]"). But ratification is not available either because, as discussed, there is no principal-agent relationship between Lee County and the Sheriff's Department. *See Cabrera v. Gov't Emps. Ins. Co.*,

9

452 F. Supp. 3d 1305, 1320-21 (S.D. Fla. 2014) ("While a principal may become liable for the acts of its agent when it ratifies an originally unauthorized act, the existence of a principal-agent relationship is a pre-requisite for ratification.").[5]

Moving on to the direct liability claims, they also fall short. Riley charges Lee County with negligence for hiring, supervising, and retaining Deputy Irizarry. These claims require "facts establishing that a defendant was put on notice of its employee's harmful propensities that gave rise to the cause of action." *Adelman v. Boy Scouts of Am.*, No. 10-CV-22236, 2010 WL 11553587, at *3 (S.D. Fla. Oct. 12, 2010). The issue of notice and timing differs for claims of negligent hiring versus negligent supervision or retention, as the Supreme Court of Florida explained:

> The primary distinction between a claim for negligent hiring and a claim for negligent supervision or retention concerns the time at which the employer is charged with knowledge of the employee's unfitness. A claim for negligent hiring arises when, before the time the employee is hired, the employer knew or should have known that the employee was unfit. Liability in these cases focuses on the adequacy of the employer's pre-employment investigation into the employee's background. Liability for negligent supervision or retention, however, occurs after

---

[5] To the extent Riley's claims could be interpreted to allege direct liability against Lee County based on Sheriff Marceno's conduct, there is still no relief available. *See Myers v. Cent. Fla. Invs., Inc.*, No. 604CV1542ORL28DAB, 2005 WL 8159927, at *5 (M.D. Fla. Sept. 1, 2005) ("With respect to direct liability, a corporation may be held liable, based on the wrongful acts of a high ranking employee."). Under Florida law, "a county ha[s] no liability for claims that [it] did not supervise and monitor sheriff's deputies . . . because the sheriff was acting for the state in making law enforcement decisions." *Morrill v. Holmes Cnty.*, No. 5:15-CV-324-WTH-GRJ, 2017 WL 6330631, at *10 (N.D. Fla. Mar. 10, 2017).

> employment begins, where the employer knows or should know of an employee's unfitness and fails to take further action such as investigating, discharge or reassignment.

*Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

For starters, Riley cannot establish a relationship between Lee County and Deputy Irizarry to trigger liability under these theories. This is because Lee County does not hire or supervise sheriff deputies. That function falls to Sheriff Marceno as a matter of law. Fla. Stat. § 30.53; *see also Troupe*, 2004 WL 5572030, at *12. To state the obvious, a duty to supervise will not arise where "there is no evidence of control." *Assicurazioni Generali S.p.A. v. GAP Forwarding, Inc.*, No. 10-20736-CIV, 2012 WL 12865255, at *4 (S.D. Fla. Oct. 22, 2012); *see also Morrill*, 2017 WL 6330631, at *8 ("A sheriff's policy or act cannot be said to speak for the county if the county has no say in what policy or action the sheriff takes.").

Even ignoring any legal barrier to imposing liability on Lee County, the same result follows. Riley's complaint is long on rhetoric but short on facts establishing prior conduct by Deputy Irizarry that gave notice he would plant drugs and imprison an innocent suspect. *See Malicki*, 814 So. 2d at 362 ("[T]he inquiry is focused on whether the specific danger that ultimately manifested itself . . . reasonably could have been foreseen[.]"). Negligent hiring and supervision claims require that "the employer received actual or constructive notice of an employee's unfitness." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d

11

1302, 1311 (S.D. Fla. 2021). There are no facts, "beyond conclusory allegations, that [Lee County] had knowledge or should have had knowledge of any prior issues with any of the Deputy Defendants." *Pinto v. Collier Cnty.*, No. 219CV551FTM60MRM, 2020 WL 2219185, at *12 (M.D. Fla. May 7, 2020).

Also missing are facts showing that Lee County (as opposed to Sheriff Marceno) was on notice of Deputy Irizarry's predisposition for crime. What happened to Riley is awful, but the Court cannot hold Lee County liable for negligent hiring or retention based on purely conclusory allegations of notice. *See, e.g.*, *Davies v. Israel*, 342 F. Supp. 3d 1302, 1310 (S.D. Fla. 2018) (rejecting negligent supervision claim where the plaintiff failed to "set forth any facts suggesting [the defendant] was aware of [the employees] harmful propensities before the date of [injury]").

That leaves Riley's negligent training claim. Yet again, Riley has not established that Lee County has a legal duty in this sphere. The responsibility for training deputies falls on Sheriff Marceno. *See Troupe*, 2004 WL 5572030, at *12 ("Counties have no role in the training or supervision of a sheriff's deputies."). And in any event, there are no facts establishing how Lee County (as opposed to Sheriff Marceno) negligently trained Deputy Irizarry. *See, e.g.*, *Gelbard v. City of Miami, Fla.*, 845 F. Supp. 2d 1338, 1341 (S.D. Fla. 2012) (dismissing negligent training claim against municipality because the

12

complaint failed to "allege any specific training or subject matter that Defendant failed to provide").

The last issue to consider is whether Riley's state-law claims should be dismissed with prejudice. "[A] party should [generally] be given at least one opportunity to amend." *Sharp v. Dolan*, No. 8:23-CV-1409-JLB-SPF, 2023 WL 4931221, at *2 (M.D. Fla. July 26, 2023). But "a district court need not allow even a pro se plaintiff leave to amend where [it] would be futile." *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018). Riley cannot plead around the underlying problem with his state-law claims—that being the relationship between Lee County and the sheriff's department. (*See* Doc. 57 at 5-7.) No matter what facts are alleged, the legal framework under which Sheriff Marceno operates prevents imposing liability on Lee County. *See Troupe*, 2004 WL 5572030, at *13 ("In Florida, a county has no authority and control over a sheriff's law enforcement function."). Therefore, Counts I and V-X should be dismissed with prejudice.

## IV. Conclusion

For the reasons above, the Court **RECOMMENDS** that Lee County's Motion to Dismiss (Doc. 57) be **GRANTED IN PART AND DENIED IN PART**. Riley's federal claims against Lee County (Counts II-IV) should proceed, while his state-law claims against Lee County (Counts I & V-X) should be dismissed with prejudice.

13

**ENTERED** in Fort Myers, Florida on May 3, 2024.

Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.