UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK P. RILEY,

    Plaintiff,

v.

CARMINE MARCENO, IN HIS
OFFICIAL CAPACITY AS
SHERIFF OF LEE COUNTY,
FLORIDA; CHARLES CUSTODIO,
INDIVIDUALLY; NIKO THOMAS
IRIZARRY, INDIVIDUALLY;
SCOTT JOSEPH SNIDER II,
INDIVIDUALLY; AND LEE
COUNTY, FLORIDA,

    Defendants.

Case No. 2:23-cv-981-KCD-DNF

## ORDER

Plaintiff Mark Riley sues several defendants who were part of a scheme to frame him for narcotics trafficking. (*See* Doc. 78.) He now seeks summary judgment against Charles Custodio and Scott Snider. These defendants have not appeared and stand in default. (Docs. 21, 22.) So, according to Riley, "there are no genuine issues of material fact" and he is "entitled to summary judgment as a matter of law on the issue of liability." (Doc. 120 at 1.)

Riley's motion is **DENIED** because summary judgment is not the correct procedural mechanism to secure relief against these defendants. "The default judgment procedures in [Fed. R. Civ. P.] 55 are *the only* method the

Rules establish for proceeding against a civil defendant who fails to defend." *Devengoechea v. Bolivarian Republic of Venezuela*, No. 24-10029, 2025 WL 2792758, at *2 (11th Cir. Oct. 1, 2025) (emphasis added).

Riley has two options to move forward. Since this is a multi-defendant case where some parties have appeared, he can wait until their claims are concluded before seeking judgment against Custodio and Snider. *Nautilus Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-CV-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019) ("The preferred practice in multi-defendant actions where only some defendants are in default is to withhold granting default judgment against those defendants until there is an adjudication on the merits as to the non-defaulted defendants."). Or Riley can seek judgment now through default proceedings while also satisfying Rule 54. *See* Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). Either way, summary judgment is not available.

**ORDERED** in Fort Myers, Florida on October 3, 2025.

Kyle C. Dudek
United States District Judge

2