UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK P. RILEY,

    Plaintiff,

vs.

CARMINE MARCENO, individually and in his official capacity as Sheriff of Lee County, Florida; CHARLES CUSTODIO, individually; NIKO THOMAS IRIZARRY, individually; and SCOTT JOSEPH SNIDER, II, individually,

    Defendants.

CASE NO.
2:23-cv-00981-KCD-DNF

## PLAINTIFF MARK RILEY'S MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF LAW

Plaintiff, Mark P. Riley ("Riley"), by and through his undersigned counsel and pursuant to Rule 55 of the Federal Rules of Civil Procedure, moves for entry of a Default Final Judgment on the issue of liability in this Second Amended Complaint against the Defendants, Charles Custodio, Scott Snider, Niko

Thomas Irizarry[1], on the grounds that Plaintiff is entitled to default judgment on the issue of liability.

## Action

Plaintiff, Riley has filed a Second Amended Complaint against various Defendants including Charles Custodio, Scott Snider, and Niko T. Irizarry. In Plaintiff's Second Amended Complaint [ECF 78], the following counts remain against the Defendants Custodio, Snider, and Irizarry:

| | | |
|---|---|---|
| Count I | - | 42 U.S.C. § 1983 (2023) – Civil Conspiracy against Irizarry, Custodio, and Snider |
| Count V | - | Common Law Malicious Prosecution against Irizarry, Custodio, and Snider |
| Count VI | - | Fourteenth Amendment Violations against Irizarry |
| Count VII | - | Fourth Amendment Violation – Unconstitutional Search and Seizure against Irizarry |
| Count VIII | - | Common Law False Imprisonment / Arrest (Irizarry) |
| Count IX | - | Intentional Infliction of Emotional Distress (Irizarry, Custodio, and Snider) |

---

[1] Defendant, Niko Irizarry filed a Chapter 7 bankruptcy, in Case No. 2:24-bk-01261-FMD. Riley has filed an adversary proceeding in the bankruptcy case challenging the dischargeability of the debt owed to Mark Riley, Adversary proceeding Case No.: 2:24-ap-00035-FMD. Judge Delano entered an order granting Plaintiff, Mark Riley's Motion for Summary Judgment and Final Judgment specifically finding that Mark Riley's claims against Niko Irizarry in the district court action are nondischargeable under 11 U.S.C. § 523(a)(6). The Order and Final Judgment are filed in this case as well as the Order of Discharge entered by Judge Delano on December 8, 2025 in the bankruptcy court case. Pursuant to 11 U.S.C. § 362(c)(2), the entry of the Order of Discharge terminates the automatic stay as to the pursuit of this non-dischargeable claim against Niko T. Irizarry.

On December 1, 2025, this Court entered an Order granting Defendant, Carmine Marceno's Motion for Summary Judgment on Count II, the <u>Monell</u> claim. [ECF 140]. Under the terms of the Order this Court directed Riley to file this motion. At page 12 of this Order:

> 4. The remaining defendants stand in default. So on or before December 12, 2025, Riley is directed to seek default judgments against these parties to conclude this case. (See Doc. 131.)

Plaintiff, Riley is filing this Motion for Default Judgment on the issue of liability and requests that this Court reserve jurisdiction for the jury to determine the extent of all damages incurred by Plaintiff, Mark Riley.

### <u>Default Against Irizarry, Custodio and Snider / Admission of Facts</u>

Clerk's defaults were entered against these defendants:

- On December 27, 2023, the Clerk of the District Court entered a default against the Defendant, Charles Custodio. [ECF 22];

- On December 27, 2023, the Clerk of the District Court entered a default against the Defendant, Scott Snider. [ECF 21];

- On February 27, 2024, the Clerk of the District Court entered a default against the Defendant, Niko Irizarry. [ECF 52].

### <u>Niko T. Irizarry</u>

As to Niko Irizarry, Plaintiff, Riley is requesting that this Court take judicial notice of the Adversary Proceeding that was filed by Mark Riley against Niko Irizarry in the case styled <u>Mark Riley v. Niko T. Irizarry</u>, Case No. 2:24-

ap-00035-FMD and his Bankruptcy Case No. 2:24-bk-01261-FMD. Judge Delano entered an Order granting Plaintiff's Motion for Summary Judgment finding various undisputed facts as to Niko Irizarry. The Court concluded that on the basis of those undisputed material facts, granted Plaintiff's Motion for Summary Judgment and entered a Final Judgment determining that Plaintiff Mark Riley's claims against Defendant, Niko Irizarry in this district court action are nondischargeable under 11 U.S.C. § 523(a)(6).

### Record in Support of Motion for Default Judgment

1. Second Amended Complaint filed by Plaintiff, <u>Mark Riley v. Carmine Marceno, in his official capacity as Sheriff of Lee County, Florida, et al.</u>, Case No. 2:23-cv-981-JLB-KCD; [ECF 78];
2. Entry of default by clerk against Charles Custodio on December 27, 2023, Case No. 2:23-cv-981-KLB-KCD; [ECF 22];
3. Entry of default by clerk against Scott Snider on December 27, 2023, Case No. 2:23-cv-981-JLB-KCD; [ECF 21];
4. Entry of default by clerk against Niko Irizarry on February 27, 2024, Case No. 2:23-cv-981-JLB-KCD; [ECF 52];
5. Order Granting Plaintiff's Motion for Summary Judgment entered by Judge Delano in the Adversary Case styled <u>Mark Riley v. Niko T. Irizarry</u>, Case No. 2:24-ap-00035-FMD; [ECF 29];
6. Final Judgment entered by Judge Delano in the Adversary Case styled <u>Mark Riley v. Niko T. Irizarry</u>, Case No. 2:24-ap-00035-FMD; [ECF 30];
7. Order of Discharge entered by Judge Delano entered on December 8, 2025 in the Bankruptcy Case styled <u>In Re: Niko T. Irizarry, Debtor</u>, Case No. 2:24-bk-01261-FMD; [ECF 35].

## Memorandum of Law

### Default / Admission of Facts

The entry of the Clerk's defaults constitutes an admission of all underlying facts alleged in this pending civil case. See Fed R. Civ P. 55 (2025) (See also Equal Operating Commission v. Roark-Whitten Hospitality 2, L.P., 28 F.4th 136, 157 (10th Cir. 2022). The entry of a default judgment means that:

1. The defendant admits to the complaint's well-pleaded facts and forfeits his or her ability to contest those facts.
2. Relieves the Plaintiff from having to prove the complaint's factual allegations.

See also Eagle Hospital Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009). Plaintiff, Riley requests that this Court take judicial notice of these Clerk's defaults that were entered pursuant to Rule 55(a) and all material facts summarized in this Second Amended Complaint.

### Jury Trial

Federal Rule of Civil Procedure 55(b)(2)(B) provides that a party "must apply to the court for a default judgment [and the] court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to [] determine the amount of damages."

Rule 1.10 of the Local Rules of the Middle District of Florida further provides that "the party entitled to a default judgment must apply for the default

judgment or must file a paper identifying each unresolved issue — such as the liability of another defendant — necessary to entry of the default judgment." As will be discussed below, and is reflected in the record, there are no unresolved issues related to Defendants', Custodio, Irizarry, and Snider, liability, and the only unresolved issue is a determination of damages.

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, and Rule 1.10 of the Local Rules of the Middle District of Florida, this Court is empowered to enter a default judgment against Defendants, as to liability, with the amount of damages to be determined by a jury.

As to Counts I, VI, and VII, Plaintiff has a right to a jury trial for claims under 42 U.S.C 42 U.S.C. § 1983 when, as here, Plaintiff is seeking monetary damages. As for Counts V, VIII, and IX, Plaintiff's common law claims, Plaintiff is entitled to a jury trial. Pursuant to the Erie Doctrine, when federal courts are hearing state-law based claims, the federal court must apply all state substantive law related to those claims, and the state law can come from a state constitution, statute, regulation, or common law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938). The right to a jury trial in Florida is guaranteed by Article I, Section 22 of the Florida Constitution, which applies to legal causes of action. Malicious Prosecution, False Imprisonment, and Intentional Infliction of Emotional Distress are recognized legal causes of

6

action and as such, Plaintiff is entitled to a jury trial to determine the damages in this case. Further, in the Second Amended Complaint Plaintiff demanded a trial by jury, and has not waived his claim for a trial by jury. [ECF 78, Pg. 108].

## Conclusion

For all of the reasons set forth above, the Court should enter a default judgment on the issue of liability against Defendants Custodio, Irizarry, and Snider, and reserve jurisdiction for the jury to determine the extent of the damages. See Fed. R. Civ. P. 55 (2025).

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel for Plaintiff, J. Michael Coleman, certifies that he has conferred with counsel for Defendant Sheriff Carmine Marceno, Adriana M. Jisa, who did not express an objection as the relief sought is not against her client.

| | |
|---|---|
| COLEMAN, TAYLOR, KLAUS, DOUPE, DIAZ & TORREZ, P.A. | CHEFFY PASSIDOMO, P.A. |
| 4099 Tamiami Trail North, Suite 201<br>Naples, Florida 34103<br>Telephone: (239) 298-5200<br>Facsimile: (239) 298-5236 | 821 Fifth Avenue South<br>Naples, Florida 34102<br>Telephone: (239) 261-9300<br>Facsimile: (239) 261-9782 |
| /s/ *J. Michael Coleman*<br>J. Michael Coleman, Esq.<br>LEAD COUNSEL<br>Florida Bar No. 606618<br>Amanda Globetti, Esq.<br>Florida Bar No. 126834<br>mcoleman@chtlegal.com<br>aglobetti@chtlegal.com | /s/ *Louis D. D'Agostino*<br>Louis D. D'Agostino, Esq.<br>Florida Bar No. 0776890<br>Kimberly D. Swanson, Esq.<br>Florida Bar No. 1018219<br>lddagostino@napleslaw.com<br>kdswanson@napleslaw.com |

## CERTIFICATE OF SERVICE

***I HEREBY CERTIFY*** that on this 12th day of December, 2025 the foregoing was served on the following *pro se* party via regular U.S. Mail and electronically filed with the Clerk of Court using the CM/ECF portal which will send a notice of electronic filing to all counsel of record.

Niko Thomas Irizarry
707 NW 18th Place
Cape Coral, Florida 33993
*Pro Se*

            CHEFFY PASSIDOMO, P.A.

            */s/ Louis D. D'Agostino*
            Louis D. D'Agostino, Esq.
            Florida Bar No. 0776890