UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK P. RILEY,

    Plaintiff,

v.                                                                    Case No.:  2:23-cv-981-KCD-DNF

CARMINE MARCINO, individually
and in his official capacity as Sheriff
of Lee County, Florida; CHARLES
CUSTODIO, individually; NIKO
THOMAS IRIZARRY, individually;
and SCOTT JOSEPH SNIDER, II,
individually,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiff Mark Riley's Motion for Default Judgment (Doc. 142). No response was filed to the motion and the deadline to respond has passed. In its December 1, 2025 Order (Doc. 140), the Court directed Plaintiff to seek default judgment against the remaining Defendants in the case. Plaintiff complied by filing the instant motion.

Rule 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails "to plead or otherwise defend" a lawsuit and "that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, clerk's defaults were entered against all three Defendants. (*See*

Doc. 21, 22, 52). Second, under Rule 55(b) when the requirements for a clerk-entered default judgment cannot met under 55(b)(1), the plaintiff may apply to the court for a default judgment pursuant to Rule 55(b)(2). Fed. R. Civ. P. 55(b)(1)-(2).

Before entering a default judgment, a court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendants. *Scopelliti v. McClean*, No. 8:20-cv-104-CEH-CPT, 2022 WL 3209495, at *2 (M.D. Fla. July 11, 2022), *aff'd*, No. 8:20-cv-104-CEH-CPT, 2023 WL 1071626 (M.D. Fla. Jan. 27, 2023). A court must also ascertain whether the well-pled allegations of the complaint, which are assumed to be true, state a claim for which relief may be granted. *Id.* The burden on the moving party is akin to that of a party seeking to defeat a motion to dismiss for failure to state a claim. *Id.* Plaintiff has the burden to address both subject-matter and personal jurisdiction, the elements of the causes of action, and the specific well-pled facts in the operative complaint that satisfy those elements. *Id.*

Here, Plaintiff seeks default judgments against Defendants Charles Custodio, Scott Snider, and Niko Thomas Irizarry. (Doc. 142, p. 1-2). Plaintiff lists the Counts that remain against these Defendants as follows:

| | | |
|---|---|---|
| (1) | | Count I – Civil Conspiracy against Irizarry, Custodio, and Snider |
| (2) | | Count V – Common Law Malicious Prosecution against Irizarry, Custodio, and Snider |
| (3) | | Count VI – Fourteenth Amendment Violations against Irizarry |

    (4)        Count VII – Fourth Amendment Violation – Unconstitutional Search and Seizure against Irizarry

    (5)        Count VIII – Common Law False Imprisonment/Arrest against Irizarry

    (6)        Count IX – Intentional Infliction of Emotional Distress against Irizarry, Custodio, and Snider.

(Doc. 142, p. 2).

Plaintiff seeks default judgments against these Defendants, but cites no authority and provides no analysis in the motion to address subject-matter and personal jurisdiction over these Defendants. Plaintiff also fails to address the elements of the claims against them under the applicable law or how the well-plead allegations of the Second Amended Complaint (Doc. 78) satisfy the elements of the claim. *See Diamond Elite Cmty., LLC v. Urb. Bay Fin. LLC*, No. 8:25-cv-1312-JLB-LSG, 2025 WL 3776931, at *4 (M.D. Fla. Dec. 15, 2025). It is not the Court's role to determine which allegations in the Second Amended Complaint satisfy the elements of the claims. *Rigby v. Direct Gen. Ins. Co.*, No. 6:22-cv-2109-PGB-DCI, 2023 WL 2894365, at *1 (M.D. Fla. Apr. 11, 2023). Thus, the Motion for Default Judgement (Doc. 142) is deficient.

In a renewed motion for default judgment, Plaintiff must address subject-matter and personal jurisdiction, address the elements of the cause of action for which default judgment is sought, and cite the specific, well-pled facts in the Second Amended Complaint that satisfy each of those elements.

Accordingly, it is hereby **ORDERED**:

(1)  The Motion for Default Judgment (Doc. 142) is **DENIED without prejudice**.

(2)  By March 9, 2026, Plaintiff may file another motion for default judgment that complies with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on February 11, 2026.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties